**SO ORDERED.**

**SIGNED this 3rd day of October, 2017.**



_____
Janice Miller Karlin
United States Chief Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS

In Re: Jill Annette Reiter                  Case No. 14-40074-13
        Debtor(s)

**ORDER APPROVING SALE OF CERTAIN OF DEBTORS BUSINESS PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363 AND ORDER GRANTING ADDITIONAL FEES**

THIS MATTER comes before the Court on the Debtor(s) Application for Approval of Sale of Debtor's Property Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. §363 filed September 22, 2017. No Objections were filed to the Motion. The Court having considered the Debtor's Application, the file and being duly advised in the premises, finds and orders as follows:

1. Debtor filed her Voluntary Petition for Relief under Chapter 13 of Title 11 of the United States Code in the District of Kansas, Topeka Division, as the above entitled matter.

2. The Debtor is effectively a Debtor in Possession under Chapter 13 in this case. The Debtor has authority to sell estate property pursuant to 11 U.S.C. §1303 and §363 and other provisions of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §1408 and 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. The Debtor has executed a contract ("Contract") for the sale of certain assets, ("Sale") as fully set out in the Contract. The purchaser is Roy Upshaw (Purchaser) the Chapter 13 Trustee, Jan Hamilton, ("Trustee") has approved this sale. The sale price is $375,000, with the Buyer receiving a credit for the $27,000 being held by the Trustee. The $27,000 shall be treated as sale proceeds.

## SALE PURSUANT TO 11 U.S.C. §363

5. The Bankruptcy Code allows a debtor-in-possession, after notice and a hearing "[to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b).

6. To meet the standard under 11 U.S.C. §363, "there must be some articulated business justification for [the sale] . . . Whether the proffered business justification is sufficient depends on the case." In re Continental Airlines, Inc., 708 F.2d 1223, 1226 (5th Cir. 1986).

7. The asset to be sold includes the common law rights in and to the TACO CASA trademark and U.S. Trademark Registration No. 1377666, as well as other assets as more fully set out in the Contract. The sale represents the best alternative for the Debtor to pay in full any outstanding balances due on remaining IRS liens and other pre and post-petition obligations. It is in the best interest of the bankruptcy estate is to liquidate the assets described in the Contract upon the terms stated in it. The above-referenced

Contract meets the requirements of 11U.S.C. §363(f) to sell assets free and clear of liens and encumbrances.

**PAYMENT OF SALES PROCEEDS**

8. The proceeds of the Sale shall be deposited with the Trustee and disbursed in a manner as may be later determined by the Court.

9. Counsel of the Debtor shall should be paid the sum of $288.00 through the plan for the processing of this motion ($250) plus the cost of mailing notice ($38) to 38 creditors and collectors. Counsel for the Debtor certifies he has already expended additional time in this case beyond the original fee request, and will be filing an additional fee request.

10. Time is of the essence in the above referenced sale.

11. Any Order approving this Motion shall survive conversion or dismissal of this bankruptcy case.

12. The Motion is granted and the sale of the property outlined in the Motion is approved in accordance with the terms of the Agreement attached to the Motion. The Agreement is also attached to this Order and incorporated by reference, as though fully set out in this Order.

IT IS SO ORDERED.

###

| Prepared by: | Approved by: |
|---|---|
| GARY E. HINCK, P.A. | Jan M. Hamilton |
| By: s/ Gary E. Hinck | By: s/ Jan M. Hamilton |
| Gary E. Hinck, #18270 | Jan Hamilton, #08163 |
| 512 SW 6th Ave. Ste 100 | Standing Trustee |
| Topeka, KS 66603-3150 | P.O. Box 3527 |
| gh@kansasconsumer.com | Topeka, KS 66601-3527 |
| (785) 267-7090 | |
| Attorney for Debtor(s) | |



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: Jill Reiter
Debtor.   Case No. 14-40074

## ASSET PURCHASE AND SETTLEMENT AGREEMENT

This Asset Purchase and Settlement Agreement ("the Agreement") is entered into on September ___, 2017 ("the Effective Date"), by and among the parties specified below in order to set forth their collective intent as to the matters provided herein. The Agreement is binding on the parties, contingent on the approval of the United States Bankruptcy Court for the District of Kansas.

I. **PARTIES**

    a.    Jill Reiter, Debtor ("Seller")

    b.    Roy Upshaw, individually and dba Taco Casa ("Buyer"), with an address of 133 Aviator Drive, Fort Worth, Texas 76179, as well as Upshaw's officers, directors, employees, members, successors, legal representatives, affiliates, subsidiaries, licensees and assigns, and any corporation or partnership that owns or controls, or is owned or controlled by Upshaw.

II. **PURCHASE AND SALE OF ASSETS**

    a.    <u>Purchased Assets</u>: At Closing (as hereinafter defined), and subject to the terms and conditions of this Agreement, Buyer shall purchase from Seller, and Seller shall sell and transfer to Buyer, free and clear of any liens and encumbrances, all of Seller's assets and properties of every kind and description related to Seller's business associated with the Taco Casa trademarks ("the Business") (assets and properties are collectively, the "<u>Purchased Assets</u>").

    b.    The Purchased Assets shall include all of Seller's right, title, and interest in and to:

        1. All inventory of the Business, as set forth on the attached Exhibit A;

        2. All intellectual property of the Business that is used or intended for use in connection with the Business, including without limitation, common law trademark rights in the word mark TACO CASA and any and all trademark rights in the U.S. Trademark Registration No. 1377666 for the mark TACO

1

*RU*

CASA and Design, together with the goodwill of the business symbolized by the trademarks and the applications for registration therefor, including any and all causes of actions and rights of recovery for past infringement of the trademarks ("the Trademarks");

3. All of Seller's licensed rights in the franchises located in:

- Topeka, Kansas;
- Middlesboro, Kentucky;
- Panama City, Florida;
- Reading, Pennsylvania;
- Vidalia, Louisiana; and
- Vicksburg, Mississippi.

The owner's names and addresses associated with the above franchises are set forth on the attached Exhibit B.

4. Seller's list of proprietary menu item recipes and specifications associated with the Business. Seller's proprietary recipes and specifications will be provided at Closing.

5. Seller's spice formulas, which formulas will only be provided upon confirmation of receipt of payment from Buyer, as specified in paragraph II.c. below.

6. Seller's proprietary and confidential lists of suppliers, distributors, vendors, and sources, and all general intangibles related to the Business, will be provided at Closing.

c. Purchase Price: The consideration to be paid by Buyer to Jan Hamilton, Chapter 13 Trustee, for the Estate of Jill Reiter, Case No. 14-40074 ("the Trustee") shall be the sum of three hundred seventy-five thousand U.S. dollars ($375,000), payable via certified funds or wire transfer in a single transaction at Closing, at the Chapter 13 Trustee's option, on the Closing Date. Buyer is credited for twenty-seven thousand dollars ($27,000) against the Purchase Price, which is currently held by the Trustee.

d. Accounts Receivable: The Purchased Assets includes all accounts receivable due to Seller from any of her franchisees listed in Exhibit B hereto, up to and including the Effective Date hereof. Seller will turnover all books, records, and all financial documents in her possession concerning the franchises for 2013 to present at Closing.

2

e. <u>Closing</u>: The closing of the transactions contemplated by this Agreement (the "Closing") shall occur simultaneous with the execution of this Agreement, at such place as determined in the mutual agreement of the parties or at such other date or time as may be fixed by the Parties hereto by mutual agreement in writing (the "Closing Date").

f. <u>Liabilities:</u> It is fully understood by the parties that Seller is responsible for any debts, taxes and liabilities arising out of Seller's operation of the Business prior to the Closing Date, and Seller hereby covenants and agrees to indemnify and hold harmless Buyer from any such debts, taxes and liabilities arising out of Seller's operation of the Business prior to the Closing Date, including its reasonable attorney's fees and costs incurred in defending any claims arising therefrom. It is further understood that Buyer is not assuming any such debts, taxes, and liabilities of Seller and Buyer is not assuming any responsibilities for the employees of Seller.

## II. REPRESENTATIONS AND WARRANTIES

a. <u>AS-IS, WHERE-IS Transaction</u>: Other than the express representations set forth in this section of the Agreement, Buyer's purchase hereunder is AS-IS, WHERE-IS, and Seller makes no other representations or warranties of any kind.

b. <u>Enforceability</u>: This Agreement contains valid and binding obligations of Seller and Buyer, enforceable against Seller and Buyer, in accordance with the terms set forth herein.

c. <u>Conflicting Obligations:</u> To the best of Seller's knowledge, the execution and delivery of this Agreement and the consummation of transactions contemplated hereby (the "Contemplated Transactions") do not and will not conflict with or violate any provisions of, or result in the maturation or acceleration of, any obligations under any contract, agreement, or other obligation or undertaking, or any law, statute, rule, judgment or governmental restriction or requirement, to which Seller is subject to or a party of, or by which Seller is bound.

d. <u>Power and Authority:</u> Buyer has all necessary power and authority to enter into this Agreement and to perform the Contemplated Transactions, such execution and performance being duly approved and authorized by all requisite corporate and other action.

## III. SETTLEMENT

a. <u>Dismissal of Motions:</u> Within seven (7) days of the Closing Date, Buyer agrees to withdraw all motions filed in the above-captioned bankruptcy proceeding, including, but not limited to, the Motion to Lift Stay. Buyer further agrees to cooperate as necessary to effectuate the terms of this Agreement.

3

*RU*

b. Release: The parties agree to a full mutual general release for all claims, known or unknown, that were or could have been asserted against the other party as of the Effective date of the Agreement.

c. Binding Effect: This Agreement shall be binding upon and inure to the benefit of the parties and their respective officers, directors, employees, members, successors, legal representatives, affiliates, subsidiaries, licensees and assigns, and any corporation or partnership that owns or controls, or is owned or controlled by either party. Each party shall bear their own respective costs associated with the undertakings set forth in this Agreement.

## IV. MISCELLANEOUS

a. Further Assurances: Seller agrees to execute such further documentation and perform such further actions, including the recordation of such documentation with the appropriate governmental authorities, as may be reasonably requested by Buyer to evidence and effectuate the transfer of Purchased Assets or give effect to the intent of this Agreement.

b. Non-Use of Intellectual Property by Seller: Upon the execution of this Agreement, Seller agrees not to use the Trademarks, or any trade names or trademarks deceptively similar to the Trademarks, for the production, marketing, sale, or distribution of any restaurants, or for one year, to have any association with any business with the words "Taco" or "Casa" in its name, or any Mexican-themed restaurant, including but not limited to any position as a consultant, employer, employee, or owner of such business.

c. Benefit and Assignment: This Agreement shall be binding upon and inure to the benefit of the parties hereto, their heirs, successors, assignees, and beneficiaries in interest and may not be assigned by any party without the other parties' consent.

d. Expenses: Each party shall bear their own costs and expenses in connection with the negotiation and performance of this Agreement.

e. Amendment, Modification and Waiver: This Agreement may be modified, amended or supplemented by written agreement of all both Buyer and Seller. Any term or condition may be waived in writing by Buyer or Seller. Any waiver of any condition, or of the breach of any provision, term, covenant, representation, or warranty contained in this Agreement, shall not be deemed to be nor construed as a further or continuing waiver of any such condition or of any such breach.

f. Entire Agreement: This Agreement and the attached Exhibits constitute the entire understanding among the parties hereto with respect to the Contemplated Transactions, and supersedes and replaces all prior and contemporaneous agreements and understandings, oral or written, with regard to such Contemplated Transactions.

4

*Ru*

g. <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute the same instrument. Facsimile, photocopy, and PDF copies of signatures to this Agreement and any related documents shall be deemed to be originals and may be relied upon with the same force and effect as originals.

h. <u>Court Approval</u>: The terms in this Agreement are subject to the final approval of the U.S. Bankruptcy Court for the District of Kansas and the entry of a final, non-appealable order by such court. Subject to that approval, the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. If any provision of this Agreement conflicts with applicable law, or if any provision of this Agreement is held illegal or unenforceable (or partially illegal or unenforceable) by a court of competent jurisdiction, this Agreement will be modified to conform with such law or judicial determination. Such provision will be construed and enforced only to the extent it may be a legal and enforceable provision, and all other provisions of this Agreement will be given full effect and will not be otherwise affected.

i. <u>Construction</u>: The Agreement has been fully negotiated by the parties and any interpretation thereof shall not be construed against either party.

h. <u>Choice of Law</u>: This agreement and the transactions contemplated hereby will be construed in accordance with and governed by the laws of the State of Kansas and 11 U.S.C., Chapters, 1, 3, 5, 7, and 13.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first above written.

SELLER:

_____
JILL REITER

BUYER:

*/s/ Roy Upshaw*
ROY UPSHAW, individually and dba Taco Casa

5

g. <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute the same instrument. Facsimile, photocopy, and PDF copies of signatures to this Agreement and any related documents shall be deemed to be originals and may be relied upon with the same force and effect as originals.

h. <u>Court Approval:</u> The terms in this Agreement are subject to the final approval of the U.S. Bankruptcy Court for the District of Kansas and the entry of a final, non-appealable order by such court. Subject to that approval, the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. If any provision of this Agreement conflicts with applicable law, or if any provision of this Agreement is held illegal or unenforceable (or partially illegal or unenforceable) by a court of competent jurisdiction, this Agreement will be modified to conform with such law or judicial determination. Such provision will be construed and enforced only to the extent it may be a legal and enforceable provision, and all other provisions of this Agreement will be given full effect and will not be otherwise affected.

i. <u>Construction:</u> The Agreement has been fully negotiated by the parties and any interpretation thereof shall not be construed against either party.

h. <u>Choice of Law:</u> This agreement and the transactions contemplated hereby will be construed in accordance with and governed by the laws of the State of Kansas and 11 U.S.C, Chapters, 1, 3, 5, 7, and 13.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first above written.

SELLER:

_____
JILL REITER

BUYER:

_____
ROY UPSHAW, individually and dba Taco Casa

5