Gary E. Hinck, P.A.
512 SW 6th Ave. Suite 100
Topeka, KS 66603-3150
gh@kansasconsumer.com
(785) 267-7090

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In Re: Jill Annette Reiter                        Case No. 14-40074-13
        Debtor(s)

### DEBTOR(S) OBJECTION TO THE
### CHAPTER 13 TRUSTEE'S MOTION TO DISPERSE FUNDS

COMES NOW, the Debtor(s) in the above captioned matter and object(s) to the Motion to Disperse Funds filed herein by the Chapter 13 Trustee. In support of this Objection/Motion the Debtor states as follows:

1. The Trustee's Motion fails to account for the substantial legal fees incurred as a result of Roy Upshaw's challenge to the Trademark, the Debtor's Bankruptcy administration, and the eventual sale of the asset for the benefit of the estate. The Debtor invested substantial time and effort while incurring fees protecting the asset. This investment resulted in a substantial recovery for the estate. These fees and expenses should be treated as a cost of the sale and paid out of the proceeds, prior to other funds being distributed. The Trustee has proposed a Stalking Horse fee be paid out of the proceeds, the Debtor's legal fees should be treated the same as the Stalking Horse fee and paid as a cost of sale out of the funds available.

2. The Debtor is not asking and has not asked, to retain any of the funds even though Debtor's participation and cooperation was critical in obtaining the result. The Debtor should be allowed to pay her legal fees and secured creditors ahead of general unsecured

In the United States Bankruptcy Court for the District of Kansas
In re: Jill Annette Reiter
Case No. 14-40074     Chapter 13
Debtor(s) Objection to the Chapter 13 Trustee's Motion to Modify Chapter 13 Plan
Page 2

creditors in exchange for her cooperation. Unsecured creditors will still receive a windfall even if Debtor's secured creditors and legal fees are paid. It would be inequitable for the Debtor to be left owing post petition fees incurred protecting the asset during the sale process. In addition, the sale through no fault of the Debtor, was not completed until after Debtor's applicable commitment period had run, and after the Debtor had already paid in substantial sums toward her priority claims. As part of the final transaction the Debtor also released her future income stream in addition to the Trademark to finalize the transaction.

3. Due to Mr. Upshaw's interest, The Taco Casa Trademark had substantial value and needed to be sold in a commercially reasonable manner requiring Court, and Trustee permission for the finalization of the sale. This required assistance of qualified counsel. No creditors objected to the sale.

4. The Debtor and the estate needed the expertise of both Trademark and Bankruptcy Counsel to protect the asset. Mr. Upshaw took an aggressive approach and started with a $5,000.00 offer for the asset. The dispute became complex and time consuming. The end result has left the Debtor owing fees and expenses of approximately $80,000.00. Counsel for both firms are willing to take a reduction in fees, but should be paid ahead of general unsecured creditors who are receiving an unexpected windfall as a result of the Debtor's cooperation and Counsel's work.

5. If the asset would of been of minimal value, the Debtor would have retained the property

In the United States Bankruptcy Court for the District of Kansas
In re: Jill Annette Reiter
Case No. 14-40074     Chapter 13
Debtor(s) Objection to the Chapter 13 Trustee's Motion to Modify Chapter 13 Plan
Page 2

and the associated income stream after paying any appropriate liquidation value of the asset into the Chapter 13 estate. As it turned out, there was substantial value, but not without steps taken by the Debtor and her Counsel to protect it.

6. The Trustee's proposal for distributing the funds fails to account for both the legal fees incurred and the IRS lien position, both should be treated as a cost of sale in the same fashion as the Stalking Horse fee.

7. In addition to the above, the Debtor may have an income tax liability resulting from the sale that should also be paid ahead of general unsecured creditors.

WHEREFORE, Debtor(s) respectfully moves this Court for an order denying the Trustee's Motion to Distribute as filed and allowing fees and taxes incurred by the Debtor(s) to be paid first as a cost of the sale, with the remaining funds to be distributed per the Trustee's Motion.

GARY E. HINCK, P.A.

By: s/ - Gary E. Hinck
Gary E. Hinck, #18270
512 SW 6th Ave. Suite 100
Topeka, KS  66603-3150
gh@kansasconsumer.com
(785) 267-7090
Attorney for Debtor(s)

### CERTIFICATE OF SERVICE

The undersigned, Gary E. Hinck, does hereby certify that he caused a true and accurate copy of the above and foregoing document to be electronically filed with the Court via the CM/ECF system which notices all interested parties using the CM/ECF system.
on this, 28th day of December, 2017.

s/ - Gary E. Hinck
Gary E. Hinck, #18270
gh@kansasconsumer.com