Jan Hamilton #08163
Chapter 13 Trustee
509 SW Jackson Street
Topeka, Kansas 66603
(785) 234-1551
jan.hamilton@topeka13trustee.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

IN RE:

**JILL ANNETTE REITER,**                      **CASE NO: 14-40074-13**

       **Debtor.**

## CHAPTER 13 TRUSTEE JAN HAMILTON'S NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ROY UPSHAW AND HIS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Fed. R. Bankr. P. 9014(c) and 7030, and D. Kan. LBR 7026.1(c), Chapter 13 Trustee Jan Hamilton will take the deposition of Roy Upshaw. The deposition will be conducted at **509 SW Jackson Street, Topeka, Kansas**, which is the office Jan Hamilton, Chapter 13 Trustee in this case, as styled above, beginning at **9:00 a.m., on March 5, 2018**, unless the parties mutually agree to hold the deposition on a different date or time and/or at a different location. (This Notice is being issued without input from Roy Upshaw's attorney, Warren Norred. Attempts to obtain a response from Mr. Norred on the setting of the deposition have not been successful.)

This deposition will be taken by stenographic or video means or both, before an officer authorized to administer oaths and will continue from day to day until completed. The

deposition will be taken for the purposes of discovery, for use at trial with respect to the Motion for Distribution of Proceeds Resulting From the Sale of Debtor's Interest in A Trademark and Assets Association with that Trademark, Doc. 209, filed December 8, 2017 and any responses, objections to or matters peripheral to that Motion and for any other purpose permitted under the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, as incorporated by Fed. R. Bankr. P. 9014(c), 7030, and 7034, the deponent is to produce at the deposition the documents identified in Exhibit 1 attached to this Notice.

Dated: February 16, 2018

s/ Jan Hamilton
Jan Hamilton #08163, Chapter 13 Trustee
Teresa L. Arnold #21586, Staff Attorney
PO Box 3527
Topeka, Kansas 66601-3527
(785) 234-1551
(785) 234-0537 Fax
jan.hamilton@topeka13trustee.com
teresa.arnold@topeka13trustee.com

# Appendix 1

## A. DOCUMENTS TO BE PRODUCED BY ROY UPSHAW

*(Instructions Follow the Document Requests)*

*(All words or phrases in uppercase signify a definition of that word is contained in the instructions)*

1. All DOCUMENTS which support YOUR contention that YOU have lost value, lost income, and the amount YOU are contending YOU are entitled to be reimbursed for as a result of the alleged fraud of the DEBTOR, as set out in YOUR OBJECTION, Page 1.

2. All DOCUMENTS regarding whatever DUE DILIGENCE was performed by YOU regarding the FRANCHISEES.

3. All DOCUMENTS supporting what amounts of money YOU contend should be refunded to YOU.

4. All DOCUMENTS showing what sums of money YOU have received from the FRANCHISEES.

5. All DOCUMENTS showing what sums of money YOU have received as a result of the utilization of the MARK.

6. All DOCUMENTS which support YOUR contention that YOU attempted to "conduct due diligence on these matters before the Sale and Counsel for the Debtor complained that we were not permitted, as it would cause chaos and business disruption" MOTION TO CONTINUE, Page 2.

7. All DOCUMENTS RELATING TO any DUE DILIGENCE YOU conducted with regard to YOUR purchase of the MARK, before the closing of the transaction.

8. All DOCUMENTS received from any of the FRANCHISEES before or after the closing of the transaction IN RELATION to YOUR purchase of the MARK.

9. Any DOCUMENT which YOU will use at a trial or hearing on YOUR OBJECTION.

10. All DOCUMENTS regarding any OPINION of an EXPERT regarding the loss YOU allegedly sustained by the actions of the DEBTOR.

## B. DEFINITIONS

1. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

2. The terms "YOU" and "YOUR" mean Roy Upshaw including each of his current and former agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on its behalf.

3. "YOUR OBJECTION" means Roy Upshaw's Objection to the Chapter 13 Trustee's Motion to Permit Distribution of Proceeds Resulting From the Sale of Debtor's Interest in a Trademark and Assets Associated with that Trademark, and Motion to Reconsider Order (Doc. 190), and Motion to Late File Claim, Doc 221. Filed January 26, 2018.

4. MOTION TO CONTINUE means YOUR motion to continue, Doc. 227, styled, "Upshaw's Exparte Motion to Continue Hearing on Trustee's Motion to Permit Distribution of Proceeds including Memorandum of Points & Authorities in Support and Declaration of Warren Norred in Support Thereof."

5. "DEBTOR" means Jill Reiter, debtor in the above captioned case.

6. "MARK" means the intellectual property rights to the Taco Casa trademark, No. 1377666.

7. DUE DILLIGENCE means a measure of prudence, responsibility and diligence that is expected from and ordinarily exercised by a reasonable and prudent person under the circumstances.

8. "FRANCHISEES" means all PERSONS or entities that YOU believed, understood, or thought were operating under a FRANCHISE AGREEMENT with DEBTOR.

9. "FRANCHISE AGREEMENT" means any agreement between DEBTOR or any entity in which she has or had an interest and any FRANCHISEE.

10. The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation by personal meeting, telephone, letter, telegraph, electronic mail ("e-mail"), electronic bulletin boards, electronic "chat rooms," and other similar forms of electronic correspondences, teleconference, facsimile, or telex.

11. The term "DOCUMENT" or "DOCUMENTS" shall, consistent with Rule 34(a) of the Federal Rules of Civil Procedure, mean all physical or "hard copy" DOCUMENTS, including, but not limited to, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, and reports, and does include ELECTRONICALLY STORE INFORMATION.

12. The term "ELECTRONICALLY STORED INFORMATION" shall mean native files

(including all embedded files and metadata) of electronic data stored in any medium, including, but not limited to, **electronic mail** ("e-mail"), **voicemail, word processing DOCUMENTS and spreadsheets, audio and video recordings**, **text messages and/or "Messenger"** and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and servers), removable storage media (for example, tapes, disks, cards, and flash memory devices), PDAs, networked drives and optical storage devices such as CDs and DVDs. This definition includes information contained on backup tapes and all other recovery and archival systems. To the extent that YOU possess data in non-standard formats (including legacy data), YOU shall translate such information into a reasonably usable format and produce both the source non-translated data and the translated version.

13. The term "RELATING TO" or "RELATE TO" means constituting, comprising, pertaining to, refer- ring to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

## C. INSTRUCTIONS TO ROY UPSHAW REGARDING DOCUMENTS TO BE PRODUCED

1. Unless otherwise specified, the time period covered by each DOCUMENT request is from January 1, 2017 to the present day.

2. To the extent that YOU contend that YOU need not provide discovery of certain responsive DOCUMENTS AND/OR ELECTRONICALLY STORED INFORMATION on the ground that the information is not readily accessible, YOU shall identify with particularity: (i) the information that is not reasonably accessible; (ii) the reasons why the information is not reasonably accessible; and (iii) the precise burden and cost associated with production of the information.

    YOU shall take measures to ensure that any processes by which potentially relevant information could be automatically deleted or overwritten shall be suspended until such time as the parties have come to agreements regarding the treatment of such automatic computer processes.

3. YOU must not remove or degrade the ability of ELECTRONICALLY STORED

INFORMATION to be searched and must provide native text-searchable copies of DOCUMENTS in the event that certain DOCUMENTS exist in both searchable and non-searchable formats.

4. If DOCUMENTS exist in both electronic and non-electronic form or if multiple copies of the same DOCUMENT exist in the same form, YOU shall produce all copies and may not selectively choose which format or version will be produced.

5. If YOU assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which YOU claim a privilege.

6. If privileged or protected information stored in electronic data is inadvertently produced, YOU may by timely notice assert the privilege or protection and YOU may obtain return of the materials without waiver. For this reason, YOU may not avoid or delay production obligations based on blanket, non-specific assertions of privilege or other protection.

7. With Respect to DOCUMENTS or ELECTRONICALLY STORED INFORMATION responsive to these requests, YOU are required to produce such additional DOCUMENTS to pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

8. In construing any Request, the singular form of a word shall be interpreted as plural and plural as sin- gular as necessary to bring within the scope of the Request any information or DOCUMENTS which might otherwise be construed to be outside its scope.

9. In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

10. Each Request shall be construed independently and not with reference to any other Request herein for purposes of limitation, unless a Request so specifies.

**CERTFICATE OF SERVICE**

I hereby certify that on this 16TH day of February, a true and correct copy of CHAPTER 13 TRUSTEE JAN HAMILTON'S NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ROY UPSHAW AND HIS ATTORNEYS OF RECORD has been served by First Class U.S. Mail, addressed to:

Warren V. Norred
Norred Law, PLLC
515 E. Border
Arlington, TX 76010

Joseph I. Wittman
112 SW 6th Street, Suite 508
Topeka, KS 66603-3810

Robert L. Baer
112 SW 6th Ave Suite 408
Topeka KS 66603

Gary E. Hinck
512 SW 6th Ave., Suite 100
Topeka, KS 66603-3150

Richard A. Wieland
Office of the United States Trustee
301 N. Main St., Ste. 1150
Wichita, KS 67202

Respectfully submitted,

s/ Teresa L. Arnold
Teresa L. Arnold #21586