Gary E. Hinck, P.A.
512 SW 6th Ave. Suite 100
Topeka, KS 66603-3150
gh@kansasconsumer.com
(785) 267-7090

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS

In Re: Jill Annette Reiter                      Case No. 14-40074-13

Debtor(s)

## MOTION TO APPROVE DISTRIBUTION OF FUNDS HELD BY THE CHAPTER 13 TRUSTEE FOLLOWING THE SALE OF DEBTOR'S INTEREST IN A TRADEMARK AND ASSETS ASSOCIATED WITH THAT TRADEMARK

COMES NOW the Debtor(s) herein and move this Court for an order approving a distribution of funds held by the Chapter 13 Trustee. In support of this motion the Debtor states as follows:

1. This Court approved a Motion and Order Approving Sale, (Doc. 136);

2. The Trustee filed a Motion to Permit Distribution of Proceeds resulting from the Sale of Debtor's Interest in a Trademark and Assets Associated with that Trademark, (Doc. 209) the Debtor and other parties objected to the Motion. This Motion is not intended to change the status of those objections, the purpose of this Motion is to request the funds be distributed in a manner that pays IRS secured claims, secured claims, priority and administrative claims ahead of general unsecured creditors. In addition, the Debtor will owe tax consequences resulting from the sale, and the Debtor should be allowed to pay any tax liability resulting from the proceeds. This distribution will reduce funds available to unsecured creditors, but would provide unsecured creditors with at least as much as they would receive under a Chapter 7 liquidation analysis;

In the United States Bankruptcy Court for the District of Kansas
In Re: Jill Annette Reiter
Case No. 14-40074      Chapter 13
Motion to Approve Distribution of Funds Held by the Chapter 13 Trustee
Page 2

3. The Debtor has incurred substantial expenses and expended substantial time throughout this process relating to her interest in, and eventual sale of the Trademark, and associated assets. The Debtor also released an ongoing income stream and cooperated in assisting in the sale of the asset. Prolonged litigation over the Trademark and associated assets have caused the Debtor incur substantial post petition attorney fees, and the Debtor should be allowed to pay those administrative claims and have the Trustee set aside $73,093.00 to satisfy tax obligations the Debtor will owe on her 2017 income tax return as a result of the sale. Without the assistance of qualified counsel, the Debtor would not have been able to negotiate a sale of the asset. These administrative claims, tax obligations and the secured claim of the IRS should be paid ahead other secured claims and ahead of general unsecured creditors;

4. Debtor has paid in all of her disposable income into the plan through her applicable commitment period and has already paid $86,035.98 toward her secured tax debt and $15,095.27 toward her priority claims. The estate is getting the benefit of the increased value of the asset, so the Debtor should get credit for the amounts she has already paid toward her tax claims;

5. With this Motion Debtor's Counsel is filing a fee application for Gary E. Hinck, P.A. in the amount of $34,100.00, and a fee application in the amount of $46,923.00 in fees and $2,314.86 in expenses has been prepared by Hovey Williams for a total claim of $49,237.86 on behalf of Hovey Williams. For Gary E. Hinck, P.A there are $354.66. in

In the United States Bankruptcy Court for the District of Kansas
In Re: Jill Annette Reiter
Case No. 14-40074   Chapter 13
Motion to Approve Distribution of Funds Held by the Chapter 13 Trustee
Page 3

    administrative claims owing from earlier fee applications. Gary E. Hinck P.A. has been paid $3,033.34 in fees and expenses through the plan and $286.00 outside the plan to date, for a total of $3,319.34. After credit for these fees paid the additional amount to be paid to through the plan to Gary E. Hinck, P.A. will be $30,426.00 for a total administrative claim owing to Gary E. Hinck P.A. in the amount of $30,780.66. The Trustee's Motion did not account for payment of the attorney fees as administrative claims as those amounts were not available to the Trustee at the time his Motion to Distribute was filed;

6.    The Debtor proposes the remaining funds be distributed as follows:

| | |
|---|---|
| Cash on Hand from Sale of Asset | $375,000.00 |
| Less Trustee Fee | $ 37,473.00 |
| Available for Disbursement | $337,527.00 |
| Less Stalking Horse Fee | $ 25,000.00 |
| Less Remaining IRS Secured Claim* | $ 73,783.95 |
| *Plus accrued interest through date of distribution | |
| Less Remaining Priority Tax Claims | $ 15,095.27 |
| Less Remaining Administrative Fees | $     354.66 |
| Less Attorney Fees Gary E. Hinck, P.A. | $ 30,780.66 |
| Less Attorney Fees and expenses Hovey Williams | $ 49,237.86 |
| Less Remaining Secured Claims Core First*, Capitol Federal* and Buckeye Title Loans* | $ 64,868.78 |
| *Plus accrued interest through date of distribution | |
| Less Tax Consequences | $ 73,093.00 |
| Available to Unsecured Creditors* | $   5,312.82 |
| *Less accrued interest on secured claims through date of distribution; | |

In the United States Bankruptcy Court for the District of Kansas
In Re: Jill Annette Reiter
Case No. 14-40074     Chapter 13
Motion to Approve Distribution of Funds Held by the Chapter 13 Trustee
Page 4

7. Under a Chapter 7 liquidation analysis, there would be a deminimus amount of funds for unsecured creditors after administrative, priority and secured tax claims are paid out of the proceeds. The original secured tax debt and priority tax claims were $174,915.20, not accounting for any additional costs of the sale, unsecured creditors would have received this amount under this hypothetical liquidation analysis:

| | |
|---|---|
| Value of Asset | $375,000.00 |
| Less Stalking Horse Fee | $ 25,000.00 |
| Less Original IRS Secured Claim | $159,819.93 |
| Less Original Priority Tax Claims | $ 15,095.27 |
| Less Chapter 7 Trustee Fees | $ 38,250.00 |
| Less Chapter 7 Trustee Legal Fees (est.) | $ 10,000.00 |
| Less Attorney Fees Litigation (est.) | $ 49,237.86 |
| Less Tax Consequences | $ 73,783.95 |
| Available to Unsecured Creditors | $   3,802.99 |

Under the above hypothetical liquidation analysis, unsecured creditors will receive more from the Debtor's proposed distribution than they would under a Chapter 7 liquidation;

8. This Motion does not address the Administrative claim of Roy Upshaw which has been objected to by the Chapter 13 Trustee.

WHEREFORE  Debtor(s) respectfully request this Court for an order approving the distribution of funds held as set forth above, and for such other and further relief as the Court deems just and equitable under the circumstances.

In the United States Bankruptcy Court for the District of Kansas
In Re: Jill Annette Reiter
Case No. 14-40074     Chapter 13
Motion to Approve Distribution of Funds Held by the Chapter 13 Trustee
Page 5

            GARY E. HINCK, P.A.

            By: s/ Gary E. Hinck
            Gary E. Hinck, #18270
            512 SW 6th Ave. Suite 100
            Topeka, KS  66603-3150
            gh@kansasconsumer.com
            (785) 267-7090
            Attorney for Debtor(s)

## **CERTIFICATE OF SERVICE**

      The undersigned, Gary E. Hinck, does hereby certify that he caused a true and accurate copy of the above and foregoing document to be electronically filed or deposited in the United States mail, postage prepaid, addressed to all parties listed on the attached matrix, on the 21st day of February, 2017.

            s/ Gary E. Hinck
            Gary E. Hinck, #18270
            gh@kansasconsumer.com