IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: Jill Reiter

      Debtor,            Case No. 18-40036-13

CERTIFICATE OF SERVICE OF THE FILING
OF ROY UPSHAW'S NOTICE OF ORAL DEPOSITION AND
REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO JILL REITER AND
HER COUNSEL OF RECORD

  I, Joseph I. Wittman, certify that I filed Roy Upshaw's notice of oral deposition and request for production of documents directed to Jill Reiter and her attorney of record as of the date indicated below. ( A copy of the notice is attached hereto).

Dated: _03/01/2018___          _s/Joe Wittman_____
                      Joe Wittman

Submitted by:

 s/ Joseph I. Wittman_____
Joseph I. Wittman, #10280
Columbian Building
112 SW 6th Street - Suite 508
Topeka, KS   66603-3810
(785) 234-3663

CERTIFICATE OF SERVICE

  I, the undersigned is to certify that on this **1st of March, 2018,** a copy of the foregoing pleading was served through the Notice of Electronic Filing for parties and counsel who are filing users, and by first class postage prepaid U.S. Mail to: none since all were notified by electronic notice.

                     s/   Joseph I. Wittman #10280
                     Joseph I. Wittman
                     Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY NO. |
| JILL ANNETTE REITER | § | 14-40074-13 |
|    DEBTOR | § | |

## ROY UPSHAW'S NOTICE OF ORAL DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO JILL REITER AND HER ATTORNEY OF RECORD

To: Jill Annette Reiter ("Debtor" and "Deponent"), through her attorney of record, Gary E. Hinck, 512 SW 6th Ave., Suite 100, Topeka, KS 66603-3150, Fax: (888) 501-3662, gh@kansasconsumer.com, by fax and email, on February 26, 2018.

Please take notice that pursuant to the Court's suggestion at the hearing held on February 22, 2018, and under Fed. R. Civ. Pro. 30, Fed. R. Bankr. P. 9014(c) and 7030, D. Kan. LBR 7026(c), Roy Upshaw will take the oral deposition of Jill Annette Reiter on March 2, 2018, at 9:00 am, at the Office of Gary E. Hinck, 512 SW 6th Ave., Suite 100, Topeka, KS 66603-3150, or at a time, date, and location as agreed to by the parties ("Deposition").

   1. The deposition will be recorded stenographically and on audiotape, and possibly on videotape. The stenographic recording will be taken before a court reporter. The deposition will be taken for the purposes of discovery, for use at trial with respect to the Motion to Distribution of Proceeds from the Sale of Debtor's Interest in a Trademark and Assets Associated with that Trademark (Doc. 209), The Motion for Allowance of an Administrative Expense, or in the alternative, Motion to Set Aside Order Approving the Sale of Debtor's Assets (Doc. 237), objections to or matters peripheral to the Motions and for any other purpose permitted under the Federal Rules of Civil Procedure applicable in this case.

   2. Under Federal Rules of Civil Procedure 30(b)(2) and 34, Fed. R. Bankr. P. 9014(c), 7030, and 7034, Deponent is requested to produce the discoverable information at the Deposition identified in Exhibit 1 attached to this Notice.

Dated: February 26, 2018   Respectfully,

*signature*

**Warren V. Norred,** Norred Law, PLLC
Texas Bar No. 24045094;
norred@norredlaw.com
515 E. Border, Arlington, Texas 76010
Tel: (817) 704-3984; Fax: (817) 549-0161
Attorney for Roy Upshaw

CC:  Jan Hamilton, Chapter 13 Trustee (Jan.Hamilton@topeka13trustee.com);
Robert L. Baer (rbaer@epitrustee.com); Joseph I. Wittman (wittmanlawoffice@wittman.kscoxmail.com).

# EXHIBIT 1

## REQUEST FOR PRODCUTION

RFP 1. License agreements formed or in effect since 1999 to which you or any business entity that you have an ownership interest or management authority.

RFP 2. Documents showing ownership or transfer of the Mark by any party since 1999.

RFP 3. Oral or written statements made by Debtor or their representatives concerning the Mark since 1999.

RFP 4. Records, ledgers, memoranda, notes, and other documents showing payments to Debtor due to any license agreement or other agreement concerning the Mark.

RFP 5. The prenuptial agreement created by you and James Reiter, including all revisions, supplements, addendums, and drafts.

RFP 6. Documents concerning TCI LLC including, but not limited to formation documents, filings with the Secretary of State, ownership records, all bank account statements, deposit slips, cancelled checks, books and records, and federal tax returns for 1999 to present.

RFP 7. Documents concerning Taco Casa International Ltd., including, but not limited to formation documents, filings with the Secretary of State, ownership records, all bank account statements, deposit slips, cancelled checks, books and records, and federal tax returns for 1999 to present.

RFP 8. Documents concerning Taco Casa of Barrington Village, Taco Casa Hunter's Ridge, and all other business entities discussed in any document filed in the Bankruptcy, including, but not limited to formation documents, filings with the Secretary of State, ownership records, all bank account statements, deposit slips, cancelled checks, books and records, and federal tax returns for 1999 to present, to the extent not already provided.

RFP 9. Your state franchise tax returns and supporting schedules and attachments for the years 1999 to the present, inclusive, together with state franchise tax returns for the same years for any entity in which you have an interest or which is under common control by you.

RFP 10. Documents evidencing, constituting, or relating to any will, trust, or estate in which you have, or may have, an interest as settlor, grantor, trustee, beneficiary (whether vested or contingent), heir, legatee, executor, administrator, or otherwise since June of 1999.

RFP 11. Any will executed by you.

RFP 12. Documents resulting from all entities audited by the Internal Revenue Service, State of Kansas, or any other organization between the years of 2006 to present in which you are listed as a director, member, manager, or owner, including your individual income tax returns.

DEFINITIONS

These definitions are designed to eliminate ambiguities with regard to what the requests for production is seeking, and should not be interpreted as a command for any party to go above the obligations required under Federal Rules of Civil Procedure Rule 34, and Fed. R. Bankr. P. 9014(c) and 7034. You are encouraged to pick up a phone to discuss any questionable request.

A.  "Debtor," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, the party's agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. When these discovery requests refer to "Debtor", the request should be answered as though it is in reference to Jill Annette Reiter, debtor in bankruptcy case 14-40073-13, and any entity that she has or had an interest in prior to the filing of the Bankruptcy, including, but not limited to, TCI LLC, or Taco Case Int'l.

B.  "Person" means any natural person, business (corporation, company, partnership, or other legal entity), association, or governmental entity.

C.  "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a).

D.  "Trademark" or "Mark" refers to the Taco Casa trademark claimed by Debtor and identified as Trademark Registration No. 1377666.

E. "Bankruptcy" refers to Debtor's Chapter 13 bankruptcy, identified by Case 14-40074.

F. "Any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

G. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## CLARIFICATIONS

These clarifications are designed to ensure that documents which the deponent provides are most helpful to the adjudication of this case, and not designed to be interpreted as a command for any party to go above the obligations required under Federal Rules of Civil Procedure Rule 34, and Fed. R. Bankr. P. 9014(c) and 7034. You are encouraged to pick up a phone to discuss these matters.

1. Please answer each request for production separately. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that any party asserts is privileged or is not discoverable, please identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document that any party claims is not discoverable, please state (1) the information required by the definition of "document" above; (2) the document creator's job title and address; (3) the recipient's job title and address; (4) the name and job title of all persons to whom it was circulated or who saw it; (5) the name, job title, and address of the person now in possession of the document; and (6) the document's present location.

4. For a document that no longer exists or cannot be located, please identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5.      Upshaw recognizes that Debtor may struggle to provide documents covering time frames of 1999 to present and is willing to compromise on those requests if Debtor's counsel timely requests modification before simply objecting to that range, which Creditor contends is absolutely relevant and reasonable based on the facts surrounding the transfer of the Mark. Debtor has extensive interaction with the IRS and it is expected that many of these documents do exist and are readily available due to that interaction.

6.      Upshaw is willing to agree to a reasonable protective order to ensure confidentiality of private information.

7.      Upshaw will provide the text of these requests in digital form upon request.

8.      Answer each request for production separately. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

9.      With respect to documents or electronically stored information responsive to these requests, please remember that you are required to produce such additional documents pursuant to Rule 26(e) of the Federal Rules.

10.     Unless otherwise specified, the time period covered by each document request is from January 1, 1999 to the present day.

11.     **In light of the comments made by the Court at the hearing conducted on February 22, 2018, Upshaw is making a good faith effort to produce the documents requested of him as soon as practical and certainly before the deposition and expects all other parties, including Jill Reiter, to conduct themselves similarly.**